**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P676-S**

**JOE A. BROWDER, JR.**                                                                         **PLAINTIFF**

v.

**SCOTT HAAS** *et al.*                                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Joe A. Browder, Jr., unrepresented by counsel, filed this action against Michael Fairchild, Manager at the Department of Veterans Affairs; the medical director of the Kentucky State Prison; Kentucky Department of Corrections Medical Director Scott Haas; and the Director of the VA Medical Center. According to Plaintiff, he contracted Hepatitis C in 1979. He states that various tests over the years have shown that he suffers from liver disease. Plaintiff is a veteran and claims that prior to his incarceration he was receiving treatment for his Hepatitis C from the Veterans Administration. Since his incarceration in 2004, Plaintiff alleges that neither the Kentucky Department of Corrections ("KDOC") nor the Veterans Administration ("VA") will provide him treatment for his condition. Plaintiff maintains that either the KDOC, the VA, or both are obligated to provide him treatment. Upon initial review, the Court allowed Plaintiff's complaint to proceed for further development and entered a scheduling order.

      This matter is now before the Court on Defendant Haas' motion to extend the deadlines in the Court's Scheduling Order (DN 38), Plaintiff's motion for disclosures (DN 40), Plaintiff's motion for order mandating preservation of evidence (DN 47), Plaintiff's motion for relief from judgments and orders (DN 50), Plaintiff's motion for payments of federal court filing fees from his VA pension fund (DN 55), and Defendants Michael Fairchild and the VA Medical Center Director's motion to dismiss (DN 58). Each is addressed below in what the Court finds to be the most logical and efficient order possible.

A. **Plaintiff's motion for disclosure of affiliation/relationship(s) between Hon. Charles R. Simpson III, Presiding Judge, and Thomas L. Simpson Warden, Anticipated Defendant, (DN 40) and Plaintiff's motion for relief from prior orders and recusal per 28 U.S.C. § 455(b)(5) (DN 50).**

Plaintiff requests the Court to identify any relationship between the undersigned and Warden Thomas L. Simpson (who is not currently a party to this action) or any of the named defendants in this action. Plaintiff also requests the Court to divulge whether any such relationships have anything to do with the Court's "extreme" rulings in this case. In a subsequent motion, Plaintiff requests the undersigned to recuse himself from this action and to vacate all prior orders. The Court is satisfied that there is no basis for recusal under 28 U.S.C. § 455. As such, Plaintiff's motions (DNs 40 and 50) are **DENIED**.

B. **Plaintiff's motion for order mandating preservation of evidence with exhibits (DN 47).**

In his motion, Plaintiff seeks an order requiring Defendants to preserve certain documents that Plaintiff claims will be at issue in this case. Counsel for Defendants should be aware of their civil and professional obligations to ensure that evidence is not destroyed. Additionally, evidentiary and monetary sanctions are available in situations where relevant documents and other relevant materials are wrongfully destroyed during pending litigation. Plaintiff has not shown that destruction of the subject discovery is imminent or that counsel are likely to fail to uphold their duties. Accordingly, the Court concludes that a preservation order is unnecessary at this stage of the case. Plaintiff's motion (DN 47) is **DENIED**.

**C.    Defendant Michael Fairchild and the Veterans Administration Medical Center Director's motion to dismiss/motion for summary judgment (DN 58).**

In this action, Plaintiff seeks to have this Court compel the VA to treat him while incarcerated in the state penal system. The VA contends that this Court lacks the jurisdiction to grant the requested relief. "Where subject matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.*, 287 F.3d 568, 573 (6th Cir. 2002); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). When a defendant makes a facial attack by arguing the absence of subject matter jurisdiction, the Court examines the plaintiff's factual allegations to determine if Congress has specifically provided subject matter jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When determining subject matter jurisdiction, the Court must assume that Plaintiff's allegations are true and draw all inferences in a light most favorable to him. *Id.* Dismissal is only appropriate if it is apparent there is an absence of subject matter jurisdiction or the case is moot. *Id.*

The United States, as sovereign, is immune from suit except under those circumstances in which it consents to be sued, and the terms of that consent define the court's jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Where no such consent exists, a district court has no jurisdiction to entertain a suit against the United States. *Id.* In short, any waiver of sovereign immunity must be strictly construed in favor of the United States. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685-86 (1983). The

3

Supreme Court has long held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981). Thus, when an action is brought against the United States as to which there has been no waiver of immunity, or where the waiver granted has been conditioned by an exception applicable to that action, the federal court has no jurisdiction. Sovereign immunity cannot be avoided by suing individual federal departments, such as the VA. *See Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1997). Further, "[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling." *Stafford v. Briggs*, 444 U.S. 527, 542 n.10 (1980); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (sovereign immunity cannot be avoided by naming individual Government officials as defendants). Although an action may be nominally brought against federal officials, it is considered as brought against the sovereign where, as here, the judgment sought would interfere with public administration or restrain the Government from acting or compel it to act. *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687-88 (1949); *Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir. 2005).

The United States has not waived its sovereign immunity as to review of VA decisions or procedures by any court other than the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. *See In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998); *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) ("We find that Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims."). Plaintiff cites no waiver of sovereign immunity applicable to this action in his complaint. The suit is being brought against the sovereign without consent and must therefore be dismissed, as must any claims against the named federal officials. *See also Moore v. Dep't of*

*Veterans Affairs*, No. Case No. 02-3279-JTM, 2003 U.S. Dist. LEXIS 20149 (D. Kan. Nov. 5, 2003) (dismissing prisoner's claim seeking medical treatment from VA while incarcerated for lack of subject matter jurisdiction). Accordingly, Defendants' motion to dismiss (DN 58) is **GRANTED.** The Court will enter a separate Order of Dismissal consistent with this portion of the Memorandum Opinion and Order.

**D.    Defendant Haas' motion for extension of the scheduling order deadlines (DN 38).**

Counsel has provided the Court with good cause to extend the deadlines. Additionally, the scope of this litigation has changed somewhat due to the dismissal of the VA defendants. Revision of the Court's prior scheduling order will not unduly delay this action or burden Plaintiff. Accordingly, Defendant Haas' motion (DN 38) is **GRANTED**. The Court's prior Scheduling Order (DN 16) is **MODIFIED** as follows:

 1) The parties shall complete all pretrial discovery herein no later than **June 1, 2009.** As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claims set forth in this complaint. Counsel shall certify that the production is complete. Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his claims. He shall certify that production is complete.

 2) No later than **July 1, 2009**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claim in this matter against each remaining Defendant.

 3) No later than **August 1, 2009**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

        4)      Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **August 1, 2009**.

        5)      If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. The Court will not grant a second extension absent extraordinary circumstances and unless good cause is shown.

**E.**    **Plaintiff's motion for payments of federal court filing fees from Veterans Administration Pension Fund (DN 55)**

Plaintiff seeks an order from the Court allowing him to pay the remainder of his filing fees from his Veterans Administration Pension Fund. As already set forth above, the Court lacks jurisdiction in relation to Plaintiff's VA benefits. As such, the Court cannot order the VA to allow Plaintiff access to his funds for the purpose of paying the filing fee in this case. Therefore, Plaintiff's motion (DN 55) is **DENIED**. If, however, Plaintiff secures the right from the VA to do so, the Clerk of Court will accept the payment. If the remaining balances are paid in full, the Court will enter an appropriate order directing the institution where Plaintiff is incarcerated to cease collecting the fees from his prison trust account.

Date:

cc:      Plaintiff, *pro se*
           Counsel of record

4411.008