# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:07CV-P676-S

JOE A. BROWDER, JR.                                                                           PLAINTIFF

v.

SCOTT HAAS *et al.*                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### Plaintiff's motion at docket number 86

Plaintiff has filed a motion arguing that this Court erroneously stated in its last Order "that this action concerns only Defendant Haas's failure to properly treat Plaintiff's Hepatitis C." Plaintiff argues that this statement is incorrect. He asserts that this action also concerns his failure to receive treatment for a lesion on his tongue.

Plaintiff's original complaint, filed December 6, 2007, did not mention a tongue lesion in either the statement of the claim or in the attached exhibits. Plaintiff's original complaint was against Michael Fairchild, Manager at the Department of Veterans Affairs; the Medical Director of the Kentucky State Prison; Kentucky Department of Corrections Medical Director Scott Haas; and the Director of the VA Medical Center (DN 1). According to the complaint, Plaintiff had tested positive for both Hepatitis B and C, but Defendants failed to provide him with proper treatment in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

Between February 8, 2008, and April 14, 2008, Plaintiff filed four supplements/amendments to the complaint. The supplements/amendments did not add parties. Rather, they were a hodgepodge of medical records and administrative grievances which the Court presumed were included to supplement the allegations in the main complaint regarding Plaintiff's Hepatitis treatment. One of the documents mentioned a tongue lesion and included some exhibits indicating that a Dr. Greenman deferred taking a biopsy of a lesion on Plaintiff's tongue pending a determination on his upcoming

parole eligibility. Plaintiff also included some documents that indicated that the lesion bled on at least one occasion, and that Plaintiff was disciplined for spitting the blood on a nurse. Because Plaintiff had not added Dr. Greenman as a party, the Court did not consider the claim regarding the tongue lesion to have been properly presented, and it was not clear to the Court that Plaintiff intended to assert an Eighth Amendment claim regarding the tongue lesion against the named Defendants.

On August 28, 2008, the Court entered a Scheduling Order. The Scheduling Order clearly indicated that the Court presumed that Plaintiff was pursuing only the claim related to his Hepatitis treatment. Only that claim was allowed to proceed for further development. Plaintiff filed numerous motions and other documents with the Court subsequent to the entry of the Scheduling Order. However, it was not until almost a year later in a motion to amend filed on May 4, 2009, that Plaintiff made any reference to a possible claim regarding the lesion on his tongue. And, it was not until several months later that Plaintiff sought to "correct" the Court's prior "error" regarding the lesion on his tongue (DN 86).

Plaintiff's initial complaint was presented to the Court in a fairly organized manner. However, the multiple amendments and supplements filed thereafter complicated and confused this matter as they were often comprised of little more than documents unaccompanied by any explanation regarding their relevance. Given the manner in which Plaintiff presented the "claim" regarding his tongue, it is hardly surprising that the Court might have misconstrued Plaintiff's intent. Any error on the Court's part, however, is harmless because Plaintiff does not have a viable Eighth Amendment claim related to the lesion on his tongue.

First, Plaintiff never named Dr. Greenman, the doctor that allegedly deferred taking the biopsy of the tongue lesion, as a defendant in this action. Second, at most, Plaintiff has alleged a disagreement with the medical treatment he was given. Plaintiff's tongue was examined by medical personnel, and he was provided with medical treatment when the lesion began bleeding. It was noted

2

in Plaintiff's medical records that the lesion did not cause Plaintiff any significant pain and that it was most likely benign. A biopsy was recommended solely to confirm the diagnosis made from the visual examination. A decision was made, however, that a biopsy could be delayed pending a decision on Plaintiff's upcoming parole eligibility. Plaintiff disagrees with that decision. Plaintiff was not denied medical care. He simply disagrees with the type of medical care he was given. Such allegations are insufficient to state an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). As such, Plaintiff's claim regarding the lesion on his tongue would not have survived initial review. Therefore, any failure by the Court to recognize that Plaintiff intended to include that claim as part of this action was harmless.

Accordingly, for the reasons set forth above, Plaintiff's motion (DN 86) is **DENIED.**

**Plaintiff's motion at docket number 97**

Plaintiff previously sought an injunction from the Court regarding retaliation by various prison officials. In response, the Court issued an Order stating,

> Plaintiff has recently filed a letter (DN 93) and a supplement (DN 94) complaining that prison officials at the Kentucky State Penitentiary in Eddyville, Kentucky are retaliating against him. Plaintiff is **ADVISED that no action will be taken by the Court on his letter and its supplement (DNs 93 & 94).** The Warden and the other prison officials are not parties to the current action. Should Plaintiff wish to sue the Warden and other prison officials for retaliation, he must institute a separate lawsuit.

(DN 95). Plaintiff seeks reconsideration of that Order. The Court has reviewed its prior Order, Plaintiff's motion, and the relevant portions of the record. The Court does not find that its previous ruling was erroneous. Accordingly, Plaintiff's motion (DN 97) is **DENIED.**

Date:

cc: Plaintiff, *pro se*
 Counsel of record
 4411.008